**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PANTAURUS, LLC** § | |
| § | |
| Plaintiff, § | **CIVIL ACTION NO.** |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| **SCHNEIDER ELECTRIC USA, INC** § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Pantaurus, LLC ("Panturus" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Schneider Electric USA, Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Pantaurus, from U.S. Patent No. 6,272,533 (the "'533 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Pantaurus is a Texas entity with its principal place of business at 2305 North St Ste 205, Beaumont, TX 75074.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 200 N Martingale

Rd, Suite 100, Schaumburg, IL 60173-2040. Upon information and belief, Defendant may be served with process at Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Pantaurus, and the cause of action Pantaurus has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

7. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses or induces others to use services or products in Texas, including this judicial district, that infringe the '533 patent.

8. Specifically, Defendant solicits business from and markets its services to consumers within Texas, including the geographic region within the Eastern District of Texas, by selling and offering for sale secure computer systems and methods including a switch operable to

inhibit data corruption on a storage device to said Texas consumers.

9. In addition to Defendant continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling removable memory storage devices having a display used for managing files stored on the storage devices that fall within the scope of at least one claim of the '533 patent.

10. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

11. On August 7, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '533 patent, entitled "Removable Memory Storage Device Having a Display" after a full and fair examination. (Exhibit A).

12. Pantaurus is presently the owner of the patent, having received all right, title and interest in and to the '533 patent from the previous assignee of record. Pantaurus possesses all rights of recovery under the '533 patent, including the exclusive right to recover for past infringement.

13. The '533 patent contains nine (9) independent claims and thirty six (36) dependent claims. Defendant commercializes, *inter alia*, devices that include each and every element of at least one claim of the '533 patent.

14. The invention claimed in the '533 patent comprises a secure computer system and method of providing secure access to a computer system including a switch operable to inhibit data corruption on a storage device.

## DEFENDANT'S PRODUCTS

15. Defendant's products, such as the "Schneider Electric CX9680 Andover Continuum NetController II" (the "Accused Product"), are digital computer systems. For example, the Accused Product includes several microcontrollers, memory, data storage, and various ports and interfaces.

16. The Accused Product includes a first processor connected to a first system bus and a second processor connected to a second system bus. For example, the Accused Product, at least during internal testing and normal use, operates in conjunction with other computing systems.

17. The Accused Product includes at least a data storage device connected to a first system bus. For example, the Accused Product includes a first system bus that connects the network interfaces to the Accused Product's processor, which is also connected to the data storage device, thereby enabling access to the data storage device.

18. The Accused Product includes at least a data storage device connected to a second system bus. For example, the Accused Product includes a second system bus that connects the Accused Product's network interface to one or more computing systems that are able to read from and write to the data storage device through the data storage device's connection to both the first and second system buses.

19. The Accused Product selectively operates in a plurality of operating modes so as to access the data storage device. For example, the Accused Product supports at least two modes: a Crypto Officer role and a User role, each mode with its own associated services and rights.

20. The Accused Product includes a switch operable to selectively enable and disable at least one of the operating modes, by means distinct and separate from at least one of the first or the second processor, therefore inhibiting one of the first or the second processor from accessing the data storage. For example, the Accused Product works in conjunction with a keyboard or a

keypad (a switch) which accepts entry of user credentials. The Accused Product further supports two or more modes: a user and cryptographic officer, each with its own corresponding credentials that must be provided via the switch which will disable/enable at least one of the above modes.

21.     The elements described in paragraphs 15-20 are covered by at least claim 29 of the '533 patent. Thus, Defendant's use, manufacture, sale, and/or offer for sale of the Accused Product is enabled by the device described in the '533 patent.

## **INFRINGEMENT OF THE '533 PATENT**

22.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 21.

23.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly and indirectly infringing the '533 patent.

24.     Defendant has had knowledge of infringement of the '533 patent at least as of the service of the present complaint.

25.     Defendant has directly infringed and continues to directly infringe at least claims 29 of the '533 patent by making, using, importing, offering for sale, and/or selling the Accused Product through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '533 patent, Plaintiff has been and continues to be damaged.

26.     Defendant has indirectly infringed and continues to indirectly infringe at least claim 29 of the '533 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell, and/or importing the Accused Product. Defendant engaged or will have engaged in such inducement having knowledge of the '533 patent. Furthermore, Defendant knew or should have known that its action would induce direct

infringement by others and intended that its actions would induce direct infringement by others. For example, Defendant uses, sells, offers for sale, and advertises the Accused Product in Texas specifically intending that its customers use it. Furthermore, the use of the Accused Product by Defendant's customers is facilitated by the system described in the '533 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '533 patent, Plaintiff has been and continues to be damaged.

27. Defendant has contributorily infringed and continues to contributorily infringe at least claim 29 of the '533 patent by selling and/or offering to sell the Accused Product, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '533 patent. Defendant has done this with knowledge of the '533 patent and knowledge that the Accused Product constitutes a material part of the invention claimed in the '533 patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '533 patent. As a direct and proximate result of Defendant's contributory infringement of the '533 patent, Plaintiff has been and continues to be damaged.

28. By engaging in the conduct described herein, Defendant has injured Pantaurus and is thus liable for infringement of the '533 patent, pursuant to 35 U.S.C. § 271.

29. Defendant has committed these acts of infringement without license or authorization.

30. As a result of Defendant's infringement of the '533 patent, Pantaurus has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

31. Pantaurus will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Pantaurus is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

32. Pantaurus demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Pantaurus prays for the following relief:

1. That Defendant be adjudged to have infringed the '533 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '533 patent;

3. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Pantaurus for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

5. That Defendant be directed to pay enhanced damages, including Pantaurus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

6. That Pantaurus have such other and further relief as this Court may deem just and proper.

Dated: February 5, 2016    Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
PANTAURUS, LLC**